HILL & M'GUN-
NEGLE
vs.
MERLE ET AL.

HILL & M'GUNNEGLE vs. MERLE ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Sureties in *in solido*, in a bond given to release property of the debtor, attached at the suit of his creditors, are bound to pay such judgment as may be rendered in favor of the plaintiffs in attachment. It is no defence to an action on the bond against the sureties, that they pointed out property, in which the common debtor had *an interest*, and that the plaintiffs neglected to seize it in satisfaction of their judgment.

This is an action on a bond given by one A. Wetmore, to release one thousand barrels of flour, which had been attached at the suit of the present plaintiffs against him, in which the defendants, John A. Merle, Peter Laidlaw and J. G. Stevenson, signed as sureties. The plaintiffs had judgment in their attachment suit, for three thousand four hundred and fifty-four dollars, against Wetmore, on which they issued both a *fieri facias* and *ca. sa.*, and which were returned unsatisfied. The plaintiffs allege, that the defendants are liable for the amount of said judgment on their bond.

The defendants admitted their signatures to the bond; but denied that they were liable on it. They aver, that previous to the institution of this suit, the plaintiffs had recovered part of their judgment; and that property enough to pay the balance of Wetmore's, had been pointed out to them, which they refused or neglected to seize, or notify these defendants of their refusal, by reason of which they are released from their responsibility arising on their bond.

The conditions of the bond sued on, were, "that if Wetmore should satisfy such judgment as was rendered against him in the attachment suit, this obligation is to be void, else to remain in full force."

The defendants showed, that an agent of one of them notified the agent of the plaintiffs in New-Orleans, that the steam-boat "Far West" was in port, in which Mr. Wetmore

had an interest of two thousand and fifty-nine dollars, and to seize his interest, under execution on the judgment then obtained in the attachment suit against him; and that any expenses incurred would be defrayed and paid.

EASTERN DIST.
June, 1836.

HILL & M'GUN-
NEGLE
vs.
MERLE ET AL.

The district judge was of opinion, that this was no legal defence to the action, and rendered judgment for the plaintiffs, against the defendants, for the sum claimed. The defendants appealed.

*Maybin*, for the plaintiffs.

*Sterrett, contra.*

*Martin, J.,* delivered the opinion of the court.

This is an action on a bond, given to release an attachment. The defendants became the sureties of one Alphonse Wetmore, who being sued by attachment, executed his bond to the plaintiffs, in order to release a large quantity of flour, which had been attached in the suit against him. The plaintiffs had judgment in said attachment suit, on which writs of *fieri facias* and *capias ad satisfaciendum* were issued, and returned without success.

The principal defence set up to this action, rests on the ground, that the agent of one of the defendants gave notice to the plaintiffs, that there was a steam-boat in port, in which the principal in the bond (Wetmore) had an interest, and requiring them to seize it, in order to pay and satisfy their claim, and at the same time tendering to them money to defray the expenses and charges of the proceeding, but that the plaintiffs neglected and refused to do so. The district judge was of opinion, this was not a legal ground of defence, and gave judgment for the plaintiffs. The defendants appealed.

It does not appear to us that the district judge erred in his decision. The defendants were bound to pay the judgment. Had they done so, they would have been *ipso facto* subrogated to the rights of the plaintiffs, and might have secured themselves by the seizure of the interest of the common

*Sureties in in solido, in a bond given to release property of the debtor, attached at the suit of his creditors, are bound to pay such judgment as may be rendered in favor of the plaintiffs in attachment. It is no defence to an action on the bond against the sureties, that they pointed out property in which the common debtor had an interest, and that the plaintiffs neglected to seize it in satisfaction of their judgment.*

debtor in the steam-boat, which they were desirous the plaintiffs should have done.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.